UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 20-cr-20162-6
                                        Honorable Linda V. Parker

ALI ABDELRAZZAQ,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT ALI ABDELRAZZAQ'S MOTION FOR BOND PENDING APPEAL (ECF NO. 410)

On September 5, 2024, a jury found Defendant Ali Abdelrazzaq guilty of one count of conspiracy to commit health care fraud and wire fraud (Count 1) and two counts of health care fraud (Counts 7 and 8). (ECF No. 290.) The Court subsequently granted Abdelrazzaq's motion for judgment of acquittal as to the individual health care fraud counts, finding insufficient evidence to support the jury's verdict. (ECF No. 324.) On January 15, 2025, the Court sentenced Abdelrazzaq to 24 months' imprisonment on the conspiracy conviction. (ECF No. 359.) Abdelrazzaq has appealed. (ECF No. 379.)

The matter currently is before the Court on his motion for bail pending appeal, filed pursuant to 18 U.S.C. § 3143. (ECF No. 410.) The Government

opposes the request.  (ECF No. 420.)  For the reasons set forth below, the Court denies the motion.

Section 3143 imposes a presumption that a convicted defendant, such as Abdelrazzaq, will be detained pending appeal.  18 U.S.C. § 3143(a); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).  The presumption can be overcome if the court finds the following:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).  If the presumption is overcome, the court must order the defendant released "in accordance with [18 U.S.C. §] 3142(b) or (c) . . . except that in the circumstance described in subparagraph (B)(iv) of [§ 3143(b)], the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."  *Id*.

2

Abdelrazzaq maintains that he does not pose a risk of flight or danger to the community, is not seeking bond for purpose of delay, and has substantial questions of law or fact likely to result in reversal.  Specifically, as to the last assertion, Abdelrazzaq raises the challenges to the individual health care fraud convictions he asserted in support of his motion for judgment of acquittal, the contention that the Government failed to demonstrate the single conspiracy charged in the indictment, and a Confrontation Clause challenge to the admission of evidence regarding "inventory shortfalls" at the subject pharmacies.  Abdelrazzaq's current counsel overlooks that the Court already accepted the first challenge and set aside the convictions on the individual health care fraud counts.  As to the other challenges, the Government argues that Abdelrazzaq fails to show that they present substantial questions of law or fact likely to result in reversal.  The Court agrees with the Government.

"[A]n appeal raises a substantial question when it presents a close question or one that could go either way and the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. King*, 126 F.4th 440, 442 (6th Cir. 2025) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)) (brackets and ellipsis omitted).  The issues Abdelrazzaq identifies in his motion have been presented many times and in varying forms to this Court

by him and/or his co-defendants—as motions, including motions for reconsideration during trial; as objections at trial; and in post-judgment motions for judgment of acquittal and for new trial. The Court's consistent and repeat rulings rejecting Defendants' arguments reflect that the questions presented are not "close" or "one[s] that could go either way." As the Government points out in its response brief, Abdelrazzaq engages in no effort in his motion to show otherwise.

For these reasons, the Court concludes that Abdelrazzaq does not overcome the presumption that he should be detained pending appeal.

Accordingly,

**IT IS ORDERED** that Abdelrazzaq's motion for bond pending appeal (ECF No. 410) is **DENIED**.

                                               s/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: March 31, 2025